UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY F., | Case No.: 2:23-cv-00721-NJK |
| Plaintiff, | ORDER |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's opening brief. Docket No. 12. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 13-14.[1] Plaintiff filed a reply. Docket No. 17. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket Nos. 3, 10.

**I.   STANDARDS**

  A.   Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*,

---

[1] The cross-motion practice was abolished by the Supplemental Rules for Social Security, which now require the filing of an opening brief, a responsive brief, and a reply brief. *See* Supp. R. for Soc. Sec. 6, 7, 8. Counsel must familiarize themselves with these new rules moving forward.

482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920).  The first step addresses whether the claimant is currently engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities.  20 C.F.R. §§ 404.1520(e), 416.920(e).  The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g).

B.   Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits.  42 U.S.C. § 405(g).  The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).  Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. ___, 139 S.Ct. 1148, 1154 (2019).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.*

///

///

///

---

[2] The five-step process is largely the same for both Title II and Title XVI claims.  For a Title II claim, however, a claimant must also meet insurance requirements.  20 C.F.R. § 404.130.

## II. BACKGROUND

### A. Procedural History

On August 8, 2021, Plaintiff filed an application for social security disability insurance benefits. *See, e.g.*, Administrative Record ("A.R.") 109. On November 1, 2021, Plaintiff's application was denied initially. A.R. 129-32. On April 7, 2022, Plaintiff's claim was denied on reconsideration. A.R. 135-38. On April 11, 2022, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 139-41. On October 28, 2022, Plaintiff and a vocational expert appeared for a hearing before ALJ Kathleen Kadlec. *See* A.R. 39-102. On January 4, 2023, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability. A.R. 11-25. On March 20, 2023, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-5. On May 8, 2023, Plaintiff commenced this action for judicial review. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 13-25. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. A.R. 13. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease of the knees, degenerative disc disease of the lumbar spine, right shoulder osteoarthritis, and post-traumatic stress disorder. A.R. 13. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 15-18. The ALJ then found that Plaintiff has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he is limited to:

> frequent stooping, kneeling, crouching, crawling, and climbing ramps or stairs; and occasional climbing of ladders, ropes, or scaffolds. The [Plaintiff] can frequently reach overhead and in all other directions with the right upper extremity. The [Plaintiff] can have occasional exposure to unprotected heights, moving mechanical parts, and operation of a motor vehicle. The [Plaintiff] can have frequent exposure to extreme heat and cold. The [Plaintiff] can work in an environment with moderate noise. The [Plaintiff] can have no more than occasional exposure to outside work. The

> [Plaintiff] is able to have frequent interaction with supervisors, coworkers, and the public.

A.R. 18-22. At step four, the ALJ found Plaintiff capable of performing past relevant work as a still photographer, skate shop worker, and audio-video repairer. A.R. 22-23. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 23-25. In doing so, the ALJ defined Plaintiff as closely approaching advanced age and having a high school education. A.R. 23. The ALJ found the transferability of job skills not at issue. A.R. 77. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a Bartender Helper, Motor Vehicle Assembler, and an Industrial Cleaner. A.R. 23-24.

Based on these findings, the ALJ found Plaintiff not disabled since the date the application was filed. A.R. 25.

## III. ANALYSIS

Plaintiff raises two arguments on appeal: (1) the RFC was not supported by substantial evidence because the ALJ failed to incorporate her step two finding of moderate limitation in adapting or managing oneself into the RFC; and (2) the ALJ assessed functional limitations that were not supported by medical evidence.

### A. Limitations in Adapting or Managing Oneself

Plaintiff argues that at step two of the sequential evaluation process the ALJ found that Plaintiff had a moderate limitation in adapting or managing oneself and that the ALJ failed to include any limitations relating to that finding in the RFC. Docket No. 11 at 7-8.[3] Plaintiff further argues that the ALJ erred by failing to explain why she did not include those limitations in the

---

[3] While Plaintiff argues that at step two the ALJ found that Plaintiff had "moderate limitations," the ALJ limited that finding in consideration of Plaintiff's function reports and medical records, stating: "Considering this evidence, the [claimant] has *at most* a moderate limitation in the ability to adapt or manage himself." A.R. 17 (emphasis added). Further, the ALJ stated that this finding was not an RFC and was made "to rate the severity of the mental impairments at steps two and three of the sequential evaluation process." A.R. 18.

4

RFC. *Id.* at 8-10. The Commissioner counters that the ALJ did include limitations in adapting or managing oneself in the RFC. Docket No. 13 at 4-6. The Commissioner has the better argument.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). The RFC determination considers all medically determinable impairments, including those that are not severe. *Id.* at § 416.945(a). The RFC assessment must consider all evidence in the record and "contain a thorough discussion of the objective medical and other evidence . . ." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing Social Security Ruling 96-8p, 61 Fed. Reg 34474, 34478 (July 2, 1996)). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments … may affect his or her capacity to do work-related physical and mental activities." *Id.* (quoting SSR 96-8p, 61 Fed. Reg at 34475). "[A]t the administrative law judge hearing level … the administrative law judge … is responsible for assessing [Plaintiff's] residual functional capacity." 20 C.F.R. § 416.946(c). The residual functional capacity determination does not need to copy the exact opinion of any particular doctor; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner*, 807 F.3d 996, 1005-06 (9th Cir. 2015); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity").

In this case, the Court finds that the ALJ did include limitations directed toward Plaintiff's ability to adapt or manage himself in the RFC. A.R. 18, 21-22. Specifically, the ALJ found that Plaintiff could perform medium work as defined by the regulations, but that Plaintiff was limited to: occasional operation of a motor vehicle, occasional exposure to outside work, and working in an environment with moderate noise. A.R. 18. The ALJ explained that the limits "on noise and driving" were specifically designed to limit his exposure to environments that triggered his PTSD. A.R. 21. The Court finds that the RFC and the explanation of these limitations fulfilled the ALJ's duty to translate and incorporate the medical opinions, clinical records, and Plaintiff's symptoms "into a succinct RFC." *Rounds*, 807 F.3d at 1006. Plaintiff's alternative interpretation of the record does not establish legal error by the ALJ. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020);

5

*see also, Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

Plaintiff's other attempts to demonstrate error in the ALJ's formulation of the RFC are not persuasive. For example, Plaintiff asserts that the ALJ failed to "include any additional limitations or accommodations related to adapting and managing oneself, such as for few, if any, changes in routine work setting, or a time off-task allowance, in the RFC." Docket No. 11 at 8 (citing *Warren v. Saul*, No. 8:19-cv—02270-PD, 2021 WL 259435 at *6 (2021) ("While moderate limitations do not necessarily indicate that Plaintiff is unable to perform all work activity, the ALJ was required to either include these limitations in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them.")). However, Plaintiff fails to identify for the Court any additional limitations that were recommended by a reviewing, examining, or treating physician that should have been included in the RFC or were expressly rejected by the ALJ. In this case, there are no records of additional limitations recommended by any doctor.

Additionally, *Warren* only requires an explanation from the ALJ when the ALJ accords "substantial or great weight to a physician's opinion[.]" *Id.* at *4. Here, the ALJ found the opinions of the reviewing psychological consultants to be only partially persuasive. A.R. 22. Therefore, the ALJ was not required to provide further explanation. *Warren*, 2021 WL 259435 at *4. Even if she had been required to provide further explanation, however, she adequately identified why the opinions were only partially consistent with the record. A.R. 22. Accordingly, the Court is not persuaded by Plaintiff's argument that the ALJ failed to include RFC limitations in the area of adapting or managing oneself.

**B. The RFC was Supported by Substantial Evidence**

Plaintiff next argues that the ALJ's mental RFC determination is not supported by substantial evidence because no medical opinion recommended the functional limitations assessed by the ALJ. Docket No. 11 at 11-13. For example, Plaintiff points to the lack of a medical opinion specifically tracking the RFC, *see, e.g.*, Docket No. 11 at 11, arguing that the ALJ was substituting her own judgment for a competent medical opinion. The Commissioner, on the other hand, responds that the ALJ must consider all the evidence in the record and is not required to create

6

functional limitations in the RFC that mirror specific medical opinions. Docket No. 13 at 6-7. The Commissioner has the better argument.

The Ninth Circuit has made clear that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The ALJ is the "final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Even if the evidence is "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In this case, the only opinions of which the ALJ had the benefit were the opinions of non-examining state agency psychological consultants who reviewed the medical records for an initial determination and on reconsideration of that determination. A.R. 111, 122. Both consultants, Drs. Jack Araza and Ana Olivares, concluded that Plaintiff's mental impairments were non-severe. *Id*. They each assessed mild limitations in all four broad areas of mental functioning. A.R. 111, 123. They did not provide a mental RFC assessment. A.R. 114, 126.

In reviewing the totality of the evidence, the ALJ found the opinions partially persuasive because "considering the observations of abnormal moods" and "[Plaintiff's] report of a history of termination for adverse interactions" she concluded that additional, but only slightly moderate, limitations were justified. *Id.* at 20, 22. Considering the evidence and assessing an RFC that accounts for the limits of what work Plaintiff can do is the essence of what the ALJ does. "[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). Here, the ALJ considered the opinion of the reviewing doctors, compared the opinion to the other evidence in the record, described her reasons for finding the opinions partially persuasive and then gave explicit reasons for adding limitations based on the other credible evidence. A.R. 17-22. Even if the Court were to disagree with the ALJ's conclusions, which it does not, the ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Burch*, 400 F.3d at 679. Accordingly, the Court is not persuaded

by Plaintiff's argument that the ALJ's mental RFC determination is not supported by substantial evidence because no medical opinion recommended the functional limitations assessed by the ALJ. To the contrary, the Court finds that substantial evidence supports the ALJ's determination.

**IV. CONCLUSION**

Based on the forgoing, the decision below is **AFFIRMED**. The Court **DENIES** Plaintiff's motion to remand, Docket No. 11, and **GRANTS** the Commissioner's countermotion to affirm, Docket No. 13. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

DATED: May 17, 2024

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE